**UNITED STATES, Appellee,**

v.

**Luis MARTINEZ–LOZANO,**
**Defendant, Appellant.**

No. 99–2311.

United States Court of Appeals,
First Circuit.

Sept. 19, 2001.

Joseph C. Laws, Jr., Federal Public Defender, and Carlos A. Vazquez–Alvarez, Assistant Federal Public Defender, on brief for appellant.

Before BOUDIN, Chief Judge, SELYA and LIPEZ, Circuit Judges.

PER CURIAM.

Counsel for defendant-appellant Luis Martinez–Lozano has submitted a motion to withdraw and a brief asserting that there are no meritorious issues to be raised on appeal, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1976). Martinez has been served with copies of the *Anders* brief and notified of his right to file a supplemental pro se brief. However, he has not filed such a brief.

The *Anders* brief identifies one issue as possibly deserving consideration by this court: whether the district court erred in granting a two-level enhancement under U.S.S.G. § 3B1.3, for defendant's abuse of a position of public trust. However, appellant's counsel (who represented Martinez before the district court) has determined that there is no meritorious ground for challenging the enhancement. Therefore, he requests permission to withdraw.

As required by *Anders,* we have conducted a full examination of the proceedings below. Based on that examination, we conclude that this case presents no non-frivolous ground for appeal. The stipulated facts support Martinez' conviction of the charged offenses, and the change-of-plea hearing covered all the necessary points. The sentencing court properly applied the sentencing guidelines to calculate the base offense level for the stipulated quantity of cocaine involved. Martinez received the three-level reduction to his offense level for acceptance of responsibility and two-level reduction for minor role in the offense that the parties had agreed were appropriate. Notwithstanding that the court added a two-level increase for his abuse of a position of trust, Martinez still received the 37 month sentence on Counts

One and Two that the government had agreed to recommend. That sentence was at the bottom of the applicable guideline imprisonment range.

Martinez objected to the presentence investigation report's recommendation that he receive a two-level increase in his offense level, pursuant to § 3B1.3, because he had abused a position of public trust by using his position as a police officer to facilitate the trafficking in cocaine. His argument was that the government had failed to prove that he had the requisite level of professional and managerial discretion to qualify as occupying a "position of trust" under the relevant guidelines section.

This court's "review of the legal question, that is, what qualifies as a position of trust under the Guidelines, is *de novo*." *United States v. O'Connell,* 252 F.3d 524, 528 (1st Cir.2001). This court has explained that "in the idiom of the sentencing guidelines, the term 'position of public or private trust' has a special meaning. The application notes, as amended in 1993, explain that positions of trust are characterized by significant discretion and minimal supervision." *United States v. Reccko,* 151 F.3d 29, 31 (1st Cir.1998).

Our case law supports the district court's determination that "a policeman does have discretion, sufficient discretion to bring him within the abuse of trust section." *See Reccko,* 151 F.3d at 33 ("Police officers regularly exercise significant discretion"); *United States v. Innamorati,* 996 F.2d 456, 490 (1st Cir.1993)("Employment as a registry police officer clearly qualifies as a 'position of public ... trust' within the meaning of the Guideline"). Other circuits have drawn the same conclusion. *See United States v. Baker,* 82 F.3d 273, 277 (8th Cir.1996) ("Because police officers clearly occupy positions of public trust, the inquiry in most cases is

whether defendant used a police officer's special knowledge or access to facilitate or conceal the offense"); *United States v. Williamson,* 53 F.3d 1500, 1525 (10th Cir. 1995) (" 'Needless to say, a police officer occupies a position of public trust, ...' *United States v. Rehal,* 940 F.2d 1, 5 (1st Cir.1991) (citing *United States v. Foreman,* 926 F.2d 792, 796 (9th Cir.1990))").

In support of his argument at his sentencing hearing, Martinez did not identify any cases holding that a police officer did not occupy a position of public trust for purposes of § 3B1.3. He did not point to, and the record does not reveal, any particular features of his employment which distinguished his level of managerial or professional discretion from that of other police officers. Under these circumstances, there is no meritorious ground for challenging the district court's decision to apply the two-level enhancement for Martinez' abuse of a position of public trust.

Finally, there does not appear to be any non-frivolous basis for challenging the district court's refusal to grant a downward departure from the guideline imprisonment range on the basis of Martinez' daughters' medical conditions. The district court clearly stated that it was choosing not to exercise its discretion to make such a departure in this case. It heard Martinez' medical evidence, but rejected his argument that his daughters' health created a special need for supervision by their father. In so finding, the court relied upon the undisputed fact that, since 1998, the children had been living in Florida, while their father remained in Puerto Rico. The sentencing transcript does not suggest any misunderstanding on the court's part regarding its authority to depart. *See United States v. Saldana,* 109 F.3d 100, 102–03 (1st Cir.1997).

Counsel's motion to withdraw is *granted*, and Martinez' conviction and sentence are *affirmed.*